**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **BRIAN WITHAM,** | **Civil Case Number:** |
| **Plaintiff,** | |
| **-v-** | **CIVIL ACTION** |
| **EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC** | **COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff, Brian Witham, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Equifax Information Services, LLC (Equifax), Transunion, LLC (Transunion) and Experian Information Solutions, Inc. (Experian) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Equifax, Transunion and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendants regularly conducts business within the state of New Hampshire, and violated

Plaintiffs rights under the FCRA in the state of New Hampshire as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Brian Witham ("Plaintiff"), is a resident of Somersworth, New Hampshire in Strafford County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

9. Defendant Trans Union is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10.   Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11.   Defendant Experian is similarly one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12.   Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

13.   On or about November, 2020, Plaintiff noticed that he had a number of accounts on his credit reports with Equifax, Experian and Transunion that were being reported with inaccurate information, including Portfolio Recovery, Ally Financial, The Bureaus, Holy Rosary, LVNV Funding, Santander and Fingerhut/WebBank.

14.   Plaintiff accordingly disputed this information with Experian, Equifax and Transunion on December 29, 2020 by sending each company a letter via certified mail.

15.   Equifax received Plaintiff's letter on or about January 2, 2021, as evidenced by the tracking number in Plaintiff's possession.

16.   Experian also received Plaintiff's letter on or about January 2, 2021, as evidenced by the tracking number in Plaintiff's possession.

17.   Transunion then received Plaintiff's letter on or about January 14, 2021, as evidenced by

the tracking number in Plaintiff's possession.

18.  With his written disputes, Plaintiff advised Equifax, Experian and Transunion that the information being reported on these accounts were inaccurate.

19.  Defendants failed to conduct an adequate investigation of the Plaintiff's disputes.  In fact, Plaintiff never heard back from any of these Defendants, despite the passage of several months.

20.  Each of these dispute letters contained the Plaintiff's name, address, date of birth and Social Security Number.

21.  Upon information and belief, Equifax, Experian and Transunion each had all the information they needed to locate, investigate and correct this inaccurate information, but just failed to do.

22.  At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

23.  At all times pertinent hereto, Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

24.  At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

25.  As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff's credit score dropped significantly, affecting the Plaintiff's ability to obtain credit.  Similarly, the Plaintiff has been denied an auto loan from Ron Currier's Hilltop Chevrolet, as well as being denied several credit cards because of the Defendants' actions.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15  U.S.C. § 1681i
## AGAINST EQUIFAX

26. All preceding paragraphs are realleged.

27. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."  15 U.S.C. § 1681i(a)(1)(a).

29. Equifax received the Plaintiff's December 28, 2020 dispute letter, as evidenced by the tracking number in Plaintiff's possession.

30. However, Defendant Equifax has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

31. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15  U.S.C. § 1681e(b)
## AGAINST EQUIFAX

32. All preceding paragraphs are realleged.

33. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

34. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

35. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15  U.S.C. § 1681i
## AGAINST TRANSUNION

36. All preceding paragraphs are realleged.

37. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

38. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

39. Transunion received the Plaintiff's December 28, 2020 dispute letter, as evidenced by the tracking number in Plaintiff's possession.

40. However, Defendant Transunion has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

41. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

42. All preceding paragraphs are realleged.

43. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

44. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

45. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EXPERIAN**

46. All preceding paragraphs are realleged.

47. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

48. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."  15 U.S.C. § 1681i(a)(1)(a).

49. Experian received the Plaintiff's December 28, 2020 dispute letter, as evidenced by the tracking number in Plaintiff's possession.

50. However, Defendant Experian has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

51. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a

reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT VI**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

52. All preceding paragraphs are realleged.

53. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

54. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

55. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**DEMAND FOR TRIAL BY JURY**

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully

   above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct

   alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 14, 2021

> By: /s/ Timothy Chevalier
> Timothy Chevalier, Esq.
> Chevalier Legal Services, PLLC
> 75 South Main Street, Unit 7 PMB 262
> Concord, NH 03301
> (603) 369-4212
> *Attorney for Plaintiffs*
>
> Yitzchak Zelman, Esq.
> MARCUS & ZELMAN, LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
> (732) 695-3282 telephone
> (732) 298-6256 facsimile
> *Attorney for Plaintiff*
> *Pro Hac Vice Motion To Be Filed*